UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RON MATIS and THOMAS OTAYCO, on Behalf of Themselves and All Others Similarly Situated, | : : : CASE NO. 1:13-cv-00133-CAB : |
| Plaintiffs, | : JUDGE BOYKO : |
| v. | : ORDER GRANTING PRELIMINARY : APPROVAL OF CLASS ACTION |
| TRUGREEN LIMITED PARTNERSHIP, TRUGREEN, INC., and THE SERVICEMASTER COMPANY, | : SETTLEMENT : : |
| Defendants. | : |

Before the Court is the Plaintiffs' Unopposed Motion for Order Preliminarily Approving Rule 23 Class Action Settlement ("Motion") and the pertinent materials filed with that motion. For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

1. **Preliminary Certification of the Rule 23 Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Ohio Rule 23 Class, as defined in the Settlement Agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court preliminarily certifies for settlement purposes only the following proposed Ohio Rule 23 Class:

> All individuals who, during any workweek from January 18, 2011, to the date of the Agreement: (a) worked for TruGreen within the State of Ohio; (b) had their overtime pay for such work calculated pursuant to the fluctuating workweek methodology described at 29 C.F.R. § 778.114; and (c) are not subject to an arbitration agreement known as the "ServiceMaster We Listen Dispute Resolution Plan, 2012 revision.

The parties have agreed upon a list of those individuals who are designated, for settlement purposes only, as Ohio Rule 23 Class Members, which is attached to the Agreement as Exhibit B.

2. **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representatives.** The Court conditionally approves the Named Plaintiffs, Ron Matis and Thomas Otayco, as the Class Representatives.

4. **Class Counsel.** The Court conditionally appoints as Class Counsel for the Ohio Rule 23 Class Galvin B. Kennedy and Don J. Foty, of the law firm of Kennedy Hodges, LLP (711 West Alabama Street, Houston, TX 77006), and Anthony J. Lazzaro, of the Lazzaro Law Firm (920 Rockefeller Bldg., 614 Superior Avenue, W Cleveland, OH 44113).

5. **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate. The Agreement is approved for submission to the Ohio Rule 23 Class for their consideration at a hearing under Rule 23(e) of the Federal Rules of Civil Procedure.

6. **Claims Administrator.** CPT Group, Inc. (the "Claims Administrator"), is approved as administrator of the claims process as set forth in the Agreement.

7. **Fairness Hearing.** A Fairness Hearing will be held on July 8, 2015 at 2:00 pm to consider final approval of the Agreement. Any Ohio Rule 23 Class Member who wishes to object to the Agreement will be heard at that time. Objections must be

made in writing by mailing such objections to the Claims Administrator and must be received by the Claims Administrator no later than sixty (60) days after the initial mailing of the Claims Administrator of the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing. Each objection must include the objector's name, address, telephone number, signature and last four digits of the objector's social security number. Each objecting Ohio Rule 23 Class Member must state the reasons for the objection to the Agreement. If the objecting Ohio Rule 23 Class Member wishes to speak at the Fairness Hearing, the written objection must so state and specifically identify all witnesses and materials that the objecting intends to present. Any Ohio Rule 23 Class Member who fails to properly or timely provide his or her objection to the Claims Administrator will not be heard during the Fairness Hearing and such objection will not be considered by the Court. The Claims Administrator will file objections with the Court and provide them to Class Counsel and Defense Counsel as set forth in the Agreement.

8. **Notice to the Class.** The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") attached as Exhibit G to the Agreement, and the Ohio Settlement Claim Form and Release of Claims attached as Exhibit H (collectively, the "Notice Materials") are approved. The Court orders that the Claims Administrator mail the Notice Materials via first-class mail to the Ohio Rule 23 Class within twenty-eight days after the entry date of this Order. Any member of the Ohio Rule 23 Class who wishes to participate in the Settlement must execute and return the Settlement Claim Form and Release of Claims to the Claims Administrator within sixty days of the initial mailing of the Notice Materials. The Settlement Claim Form and Release of Claims must be received by the Claims Administrator no later than sixty (60) days after the initial

mailing of the Claims Administrator of the Notice. Any member of the Ohio Rule 23 Class who wishes to opt-out of the class must do so by properly completing an Opt-Out Statement as directed in the Notice, and mailing it to the Claims Administrator. The Opt-Out Statement must be received by the Claims Administrator no later than sixty (60) days after the initial mailing of the Claims Administrator of the Notice. All members of the Ohio Rule 23 Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. The Claims Administrator will file returned opt-out statements with the Court and provide them to Class Counsel and Defense Counsel as set forth in the Agreement.

9. **Voiding the Agreement.** Pursuant to the Agreement, if 10% or more of the members of the Ohio Rule 23 Class elect to opt out of the Ohio Rule 23 Class, Defendants will have the right, in their sole discretion, to void this Agreement by filing with the Court a notice of withdrawal as set forth in the Agreement. If Defendants file a timely notice of withdrawal, then this Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement

10. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

11. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, are stayed and suspended until further order of the Court. Pending final approval of the Agreement, the Ohio Named Plaintiffs and the Ohio Rule 23 Class Members are barred from

commencing, prosecuting, continuing or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claim against any Released Party (as those terms are defined in the Agreement).

12. **Use of Agreement and Ancillary Items.** Neither the Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any related or similar action for the purposes of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

**So ordered.**

*/s/ Christopher A. Boyko*
CHRISTOPHER BOYKO
UNITED STATES DISTRICT JUDGE