UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RON MATIS and THOMAS OTAYCO, on Behalf of Themselves and All Others Similarly Situated, | : : : : CASE NO. 1:13-cv-00133-CAB |
| Plaintiffs, | : : JUDGE BOYKO |
| v. | : ORDER GRANTING FINAL : APPROVAL OF CLASS ACTION |
| TRUGREEN LIMITED PARTNERSHIP, TRUGREEN, INC., and THE SERVICEMASTER COMPANY, | : SETTLEMENT : : : |
| Defendants. | : |

Before the Court is the Plaintiffs' Unopposed Motion for Order for Final Approval of Rule 23 Class Action Settlement ("Motion") and the pertinent materials filed with that motion.

The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on **March 15, 2015** (the "Preliminary Approval Order"). A copy of the Agreement is attached to Plaintiffs' motion for preliminary approval as an exhibit, and it is incorporated in this Order by reference.

On **July 8, 2015**, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

1. Final Certification of the Ohio Rule 23 Class. The Court finds that the proposed Ohio Rule 23 Class, as defined in the Agreement, meets the requirements of

Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Ohio Rule 23 Class consisting of the following:

> All individuals who, during any workweek from January 18, 2011, to the date of the Agreement: (a) worked for TruGreen within the State of Ohio; (b) had their overtime pay for such work calculated pursuant to the fluctuating workweek methodology described at 29 C.F.R. § 778.114; and (c) are not subject to an arbitration agreement known as the "ServiceMaster We Listen Dispute Resolution Plan, 2012 revision.

The parties have agreed upon a list of those individuals who are designated, for settlement purposes only, as Ohio Rule 23 Class Members, which is attached to the Agreement as Exhibit B.

2. Class Representatives. For purposes of settlement, the Court approves the Ohio Named Plaintiffs, Ron Matis and Thomas Otayco, as the Class Representatives.

3. Class Counsel. For purposes of settlement, the Court appoints as Class Counsel for the Ohio Rule 23 Class Galvin B. Kennedy and Don J. Foty, of the law firm of Kennedy Hodges, LLP (711 West Alabama Street, Houston, TX 77006), and Anthony J. Lazzaro, of the Lazzaro Law Firm (920 Rockefeller Bldg., 614 Superior Avenue, W Cleveland, OH 44113).

4. Approval of the Agreement. The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Ohio Rule 23 Class that was reached by the Parties after extensive discovery and intensive arms-length negotiations with the assistance of an experienced mediator. The Agreement is fair, just, reasonable and adequate to, and in the best interest of the Ohio Rule 23 Class. It achieves a definite and certain result for the benefit of the Ohio Rule 23 Class that is preferable to continuing litigation in which the Ohio Rule 23 Class would necessarily confront substantial risk,

uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Ohio Rule 23 Class excepting only those individuals, if any, who effectively excluded themselves from the Class in accordance with the terms of the Agreement ("Opt-Outs").

5. Notice to the Ohio Rule 23 Class. The Court determines that the Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Ohio Rule 23 Class desiring to object to the settlement with fair and adequate notice of the terms of the settlement and the Fairness Hearing. The Court finds the Notice Materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. Release of Claims. As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Class Representatives and the Ohio Rule 23 Class, excepting Opt-Outs, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement). The Class Representatives and the Ohio Rule 23 Class, excepting Opt-Outs, are deemed to have released and forever discharged the Released Parties from all Released Claims.

7. Dismissal with Prejudice. All claims in this action are dismissed with prejudice and without costs against Defendants.

8. Dispute Resolution. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

9. Non-Admission. This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

10. Order for Settlement Purposes. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

11. Use of Agreement and Ancillary Terms. Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

                                              **s/ Christopher A. Boyko**_____
                                              **CHRISTOPHER BOYKO**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED: July 9, 2015**